## ANN ELIZABETH BIRCH ET AL.

*v.*

## AMERICAN RAILROAD COMPANY OF PORTO RICO.

---

San Juan, Law, No. 633.

1. In an action for personal injuries, brought under the national employer's liability act of April 22, 1908, the certificate of a proper probate court that the plaintiffs are the sole heirs of the deceased is sufficient to entitle them to sue without having a personal representative appointed under the act referred to.

2. Under the act of Congress in question, the damages that can be recovered are compensatory merely, and when a son, who was over twenty-one years of age at the time of the accident that resulted in the death, sues as a plaintiff, the burden is upon him to show that he was dependent upon the deceased for a livelihood, and he can recover only to the extent he was so dependent.

V. Porto Rico—18.

Birch v. American R. Co.

3. *Quære*, and not finally decided because, although the court instructed on it, he afterwards expressed grave doubt as to whether the acts of Congress regarding safety appliances on railroads are in force in Porto Rico, even by the terms of the national employer's liability act of April 22, 1908, or otherwise, because the original safety appliance act only refers to interstate commerce.

4. Under the national employers' liability act contributory negligence does not defeat the right of action, but only reduces the amount of damages which may be recovered.

5. When a railroad company buys an engine, car, or other implement, or piece of machinery from a reputable dealer in such articles, and tests them, and puts them in use upon its railroad, and from time to time makes reasonably careful inspection thereof, such as is commensurate with the dangerous character of the machine, or of the work being done, then, if an accident occurs because of a latent defect contained in the wheels or other parts of such implements or machinery, and not discoverable by such reasonably careful inspection, and the same results in injury or death of an employee, the occurrence is an unavoidable accident, and the railroad company is not responsible therefor.

Case tried December 14, 1909.

---

*Messrs. Sweet & Wilcox,* for the plaintiffs.

*Mr. F. L. Cornwell,* for the defendant.

The facts in this case were that the deceased had been at work on the defendant's railroad for some six years as a freight brakeman. At the time of the accident he was still so engaged, and, when going down one of the grades near Aguadilla, a wheel on one of the freight cars of the train broke, and precipitated the car from the track after it had bumped along for 150 yards or more, and the capsizing of the car so injured the deceased that he immediately died. The car wheel was an exhibit in the cause,

Birch v. American R. Co.

and from its appearance, and from the evidence, it was quite probable that it contained a latent defect in the way of a very considerable break that did not appear on the surface of the wheel anywhere. There was a good deal of evidence tending to show that the arrangements for breaking the train were wholly inadequate, and, if proper signal arrangements had been in use, the train could have been stopped long before the car with the broken wheel was precipitated from the track. There was also evidence tending to show that the train was going at a high rate of speed. Other facts may be gathered from the instructions of the court which RODEY, Judge, gave to the jury as follows:

This is an action by Ann Elizabeth Birch, the wife, and Earnest Victor Birch, the son, of Francisco Abraham Birch, against the defendant, the American Railroad Company of Porto Rico, in which they lay their damages at the sum of $10,000, and the costs of this suit, for the alleged negligent and wrongful killing of their husband and father, which occurred in a railroad accident near Aguadilla in this island at the time indicated by the proofs.

The action is brought under what is known as the employer's liability act of the Congress of the United States, which was passed on the 22d of April, 1908, and which by § 2 thereof is made applicable against every common carrier by railroad in the territories, the District of Columbia, the Panama Canal zone, or other possessions of the United States. The court instructs you that that language makes this law applicable to, and the law is in force in Porto Rico.

The fact that the plaintiffs are subjects of the King of Denmark, and the defendant is a "citizen" of the United States,

being a corporation organized under the laws of one of the states of the Union, together with the amount claimed for damages being more than $1,000 are the facts that give this court jurisdiction to try the case.

This law provides that a defendant shall be liable for the injury or death of any employee when such injury or death results in whole, or in part, from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, bays, wharves, or other equipment. It further provides that in all actions brought under the act the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: Provided, that no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation, by such common carrier, of any statute enacted for the safety of employees contributed to the injury or death of such employee. It is further provided in that law that in actions brought under it the employee shall not be held to have assumed the risks of his employment in any case where the violation, by such common carrier, of any statute enacted for the safety of employees contributed to the injury or death of such employee.

You are instructed that there is no question about the widow of the deceased being a proper plaintiff in this cause; but the son, having been over age at the time of the death of his father, cannot recover save to the extent to which you may believe from a preponderance of the evidence he was actually and necessarily dependent upon his said father for support, and in case you

Birch v. American R. Co.

believe from a preponderance of the evidence that he was not necessarily dependent upon his said father, in such event he cannot recover at all, and as to him you should find for the defendant.

The liability of the defendant in any event in this case cannot be other than compensatory, because there is no evidence showing or tending to show any malice on the part of the defendant in or about the occurrence in question, and hence you cannot on any account, even though you find against the defendant, impose any punitive or "smart money" damages against it in favor of the plaintiffs, or either of them, and in no event can you impose any greater amount of liability against the defendant, even though you should hold that both plaintiffs on the evidence are properly in the suit, than if there was only one plaintiff.

The measure of damages in this case, gentlemen, is the amount which you believe on a preponderance of the evidence the plaintiffs, or either of them, necessarily lose in or by the death of their husband and father, and in measuring this damage you may take into account the age, and health, and expectancy of life of the deceased, his earning capacity, his character, his mode of treatment of his family, and the amount contributed out of his wages to them for their support, and calculate from these facts the amount which you, as reasonable and practical men, believe the plaintiffs lose because of the death.

If you shall believe from a preponderance of the evidence that the deceased himself was in any manner guilty of any contributory negligence in and about the accident, then you should, under the terms of the act, diminish the damages which the plaintiffs would be entitled to in proportion to the amount of the negligence attributable to the deceased; but if you shall believe from

a preponderance of the evidence that the violation, by the defendant, of the law of Congress requiring it to have safety appliances upon its trains and cars contributed to the death of the deceased, or was the proximate cause thereof, then you cannot hold that the deceased was guilty of any contributory negligence at all under the law, nor can you hold that the deceased assumed any risks of his employment, if you shall thus believe that the absence of safety appliances in and about the train contributed to, or was the proximate cause of the injury.

You are instructed, gentlemen, that if you believe from a preponderance of the evidence, considering the same as honest and practical men, and after a full, fair and impartial consideration of all the facts and circumstances of the case, that this accident occurred solely because of a latent defect in one of the wheels on one of its cars, which could not, by the exercise of reasonable care, commensurate with the dangerous character of the machinery involved, have been discovered and prevented, then the same was what is known in law as an unavoidable accident, and no person is responsible therefor and you should in such case unhesitatingly find for the defendant. In this regard you are instructed that whenever a railroad company buys any car, engine, or other implement, or piece of machinery, from a reputable dealer in such articles, and tests them, and puts them in use upon its railroad, and from time to time makes reasonably careful inspection thereof such as is commensurate with the dangerous character of the work being done, then, if an accident occurs because of a latent defect contained in the wheels or other parts of such implements or machinery, and the same results in the injury or death of any employee, the occurrence is an unavoidable accident, and no person is responsible therefor, and if you

Birch v. American R. Co.

believe from a preponderance of the evidence, under these instructions as here given you, that the occurrence in question was an unavoidable accident, you should unhesitatingly find a verdict for the defendant.

Gentlemen, the court desires to call your particular attention to this suit. It is the first we have tried under this act of Congress in this court in this district. Its purpose on the one hand, as can be seen, is to force railroad companies to take some of the risks of the dangerous machinery and implements they are using, and hence the law is in derogation of many of the common-law and civil-law rules of contributory negligence, assumption of risk, negligence of fellow servants, etc., that have heretofore been known to the law. Therefore the law should be strictly construed, yet not so strictly as to defeat the purpose which Congress intended to accomplish by it. On the one hand, you should endeavor to do justice to these plaintiffs, and on the other, to do equal justice to the defendant. If you should find for the plaintiffs, or either of them, the damages cannot go beyond the amount claimed in the complaint; and the court warns you, as stated, that the law is merely compensatory, and that in no manner is the jury authorized to give speculative damages of any sort in such a case.

I have many times instructed you that you are the sole judges of the weight of the evidence, and of the credibility of the witnesses, and of your right to believe or disbelieve the whole or any part of any witness's testimony, and of your right to consider every witness's manner of testifying, and his or her interest in the result of the cause. I have many times instructed you as to what a preponderance of the evidence means, and that it does not necessarily signify that you must decide for the party

Birch v. American R. Co.

having the most witnesses or the greatest number of exhibits, but for the party who, in your judgment as reasonable, honest, and practical men has truth and justice with it.

It is hoped that you will arrive at a verdict, for these suits are expensive, both to the parties and to the government. It is not intended to cause any juror to change his mind by this remark, but simply to point out, as I have often done before, that you are expected to regard the matter under the law as here given you, coldly, honestly, and impartially, and endeavor to come to an agreement that will be just, and that those of you who may be of one opinion may either convince the others to agree with you, or, becoming convinced that you are wrong, agree with those that oppose you.

Three forms of verdict will be given you. One will read: "We, the jury, find for the plaintiff Ann Elizabeth Birch, and assess her damages at the sum of blank dollars; and we also find in favor of the plaintiff Earnest Victor Birch, and assess his damages at the sum of blank dollars." The second one will read: "We, the jury, find for the plaintiff Ann Elizabeth Birch, and assess her damages at the sum of blank dollars; and as to the plaintiff Earnest Victor Birch, we find for the defendant." And the third one will read: "We, the jury, find for the defendant." When you have arrived at a verdict, you will cause one of your number to sign it as foreman, and all of you return it into court. You may take to your room the complaint, the amended complaint, the answer, all the exhibits, and these instructions. The cause is with you, gentlemen.

The jury returned a verdict for the plaintiff Ann Elizabeth Birch in the sum of $2,000.